**United States Bankruptcy Court**
**Southern District of Indiana**

08-10784-FJO

In re   Timothy Allen Boyden                              Case No.
                                    Debtor(s)              Chapter   13

# CHAPTER 13 PLAN
  X  Original   __ Amendment

***YOUR RIGHTS WILL BE AFFECTED.*** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan set out below must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received form the Bankruptcy Court. If you have a secured claim, this plan may void or modify your lien if you do not object to the plan.

***THIS PLAN DOES NOT ALLOW CLAIMS.*** You must file a proof of claim to receive distribution under a confirmed plan and to receive pre-confirmation adequate protection payments.

**1.  *SUBMISSION OF INCOME.*** Debtor submits to the supervision and control of the Chapter 13 Trustee (Trustee) all or such portion of future earnings or other future income of debtor as is necessary for the execution of this plan.

**2.  *PAYMENT AND LENGTH OF PLAN.*** (a) Debtor(s) shall pay  $129.00 Monthly  for 60  months   to the Chapter 13 trustee, starting not later than 30 days after the order for relief, for a total amount of $ 7,740.00 . (b) Additional payments to the trustee:   None.
(c) All of the above proposed payments shall be paid to the trustee. The debtor shall not reduce the payments to the trustee (notwithstanding Section 1326(a)(1)(C)) without further order of the Court.

**3.  *PRIORITY CLAIMS (LIMITED HERE TO ADMINISTRATIVE EXPENSES AND SUPPORT).***
All priority claims will be paid in full by the trustee unless the creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| Thomas D. Bushhorn # 24573-79 | Attorney Fees | $2,850.00 |

Debtor is required to pay all post-petition domestic support obligations (DSO) directly to the holder of the claim in order for this plan to be <u>confirmed</u> and for debtor to receive a <u>discharge</u> from the Court upon completion of plan payments herein.

**4.  *REAL ESTATE, CURING DEFAULTS AND MAINTAINING PAYMENTS.*** Regular monthly payments, for cases filed in the ***Indianapolis*** and ***Terre Haute*** Divisions, shall be paid directly to the creditor. In cases filed in ***Evansville*** and ***New Albany*** Divisions, payments shall be made through the trustee if the plan treats a pre-petition default. Otherwise, payments shall be made directly to the creditor. Note that where there are arrearages, all post-petition payments are to be made on the first due date after the month in which the petition is filed:

| Creditor | Description of Collateral | Estimated Arrears | Interest Rate (If Any) |
|---|---|---|---|
| Chase | # of Bedrooms:3<br># of Bathrooms:2.5<br># of Stories:2<br>Purchase Date:1999<br>Purchase Price:96,500<br>Location: 7352 Woodside Drive, Avon IN | $0.00 | 0% |
| National City Mortgage | # of Bedrooms:3<br># of Bathrooms:2.5<br># of Stories:2<br>Purchase Date:1999<br>Purchase Price:96,500<br>Location: 7352 Woodside Drive, Avon IN | $0.00 | 0% |
| Sallie Mae Servicing | Educational | $0.00 | 0% |

*Note: The debtor proposes to pay the exact pre-petition arrears set forth by the creditor in its allowed proof of claim, unless expressly objected to by debtor by means of a filed claim objection.*

08-10784-FJO

## 5. *SECURED CLAIMS, VALUATION OF COLLATERAL AND VOID LIENS UNDER 11 U.S.C. §506.*

**(a)** *Secured Claims To Which Section 506 Valuation Is Not Applicable.* Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor within 910 days of filing the bankruptcy petition or, if the collateral for the debt is any other thing of value, the debt was incurred within one (1) year of filing. After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (f) based upon the amount of the claim in column (d)* with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Any monthly adequate protection payment offer shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted; the trustee shall disburse such payments to the secured creditor as soon as practicable after receiving them from the debtor. All adequate protection disbursements shall be subject to the trustee's percentage fee as set by the United Stated Trustee. No adequate protection payments will be made directly to the creditor.

*In any plan offer to pay a claim in full, the amount set forth in the creditor's proof of claim will control unless objected to by the debtor. The column (f) EMA may be adjusted by the trustee if necessary to appropriately amortize the claim.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Equal Monthly Amount | (g) Adequate Protection Amount -- (1% of Column (d)) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Additional plan offer, if any, as relates to above claim(s):


**(b)** *Claims to Which Section 506 Valuation is Applicable*. Claims listed in this subsection consist of any claims secured by personal property not described in plan paragraph 5(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modifies will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Any monthly adequate protection payment offer shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The trustee shall disburse such payments to the secured creditor as soon as practicable after receiving them from the debtor. All adequate protection disbursements shall be subject to the trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor. The column (f) EMA may be adjusted by the trustee to appropriately amortize the claim.

| (a) Creditor | (b) Collateral | (c) Scheduled Debt | (d) Value | (e) Interest Rate | (f) Equal Monthly Amount | (g) Adequate Protection Amount -- (1% of Column (d)) |
|---|---|---|---|---|---|---|
| Dell Financial Services | Personal Computer | $2,957.00 | $25.00 | 0.00% | $25.00 | $0.00 |

**(c)** *Debtor surrenders or abandons the following collateral.* Upon confirmation, the stay is lifted as to surrendered or abandoned collateral:

| Creditor | Collateral to be Surrendered or Abandoned |
|---|---|
| -NONE- | |

08-10784-FJO

**6.   UNSECURED CLAIMS.**
  X  Pro rata distribution from any remaining funds; or
  __ Other: __

**7.   SEPARATELY CLASSIFIED UNSECURED CLAIMS.**

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| -NONE- | | | | |

**8.   CURING DEFAULTS AND MAINTAINING PAYMENTS.** Trustee shall pay allowed claim for arrearage and debtor shall pay regular post-petition contract payment directly to the creditor:

| Creditor | Collateral | Estimated Arrears | Interest Rate |
|---|---|---|---|
| G M A C | Vehicle #1 2008 Pontiac G6 with 29.000 miles | $0.00 | 0% |

The debtor proposes to pay the exact pre-petition arrears set forth by the creditor in its allowed proof of claim, unless expressly objected to by debtor by means of a filed claim objection.

**9.   SECURED TAX CLAIMS AND SECT. 507 PRIORITY CLAIMS, EXCLUSIVE OF DOMESTIC SUPPORT OBLIGATIONS.** All allowed priority claims shall be paid in full by the trustee, exclusive of interest, unless the creditor agrees otherwise. All allowed secured tax obligations shall be paid in full by the trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms):

| Creditor | Type of Priority or Secured Claim | Scheduled Debt |
|---|---|---|
| -NONE- | | |

**10.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** All executory contracts and unexpired leases are *REJECTED*, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| GMAC | 2008 Pontiac G-6 with 29,0000 miles | Accept |

**11. AVOIDANCE OF LIENS.** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions.

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| -NONE- | | |

**12. LIEN RETENTION.** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) discharge order being entered under Sect. 1328.

**13. VESTING OF PROPERTY OF THE ESTATE.** Property of the estate shall revest in debtor upon confirmation of the debtor's plan, subject to the rights of the trustee, if any, to assert claim to any additional property of the estate acquired by debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. PAYMENT NOTICES.** Creditors in Section 4 (whose rights are not being modified) and in Section 8 or Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or trustee notwithstanding the automatic stay.

**15. MISCELLANEOUS PROVISIONS.**

| Debtor's Signature: | /s/ Timothy Allen Boyden | Date: | September 2, 2008 |
|---|---|---|---|
| | Timothy Allen Boyden | | |
| Attorney's Signature: | /s/ Thomas D. Bushhorn # | Date: | September 2, 2008 |
| | Thomas D. Bushhorn # 24573-79 | | |